FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2019 DEC 27 PM 1: 28
CLERK'S OFFICE
AT GREENBELT
BY _____ DEP...

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

**ROSEMARY MCBRIDE HAINEY,**

    Appellant,

v.                               Case No.: GJH-19-462

**ACCESS GROUP, INC.,** *et al.***,**

    Appellees.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

On February 14, 2019, Appellant Rosemary McBride Hainey appealed an order from the United States Bankruptcy Court for the District of Maryland "declaring a scheduled time-barred claim a nondischargeable student loan debt without the benefit of an adversarial proceeding and denying an order of contempt and damages for violations of bankruptcy injunctions." ECF No. 1.[1] The appeal was taken as to Appellee Access Group, Inc. ("Access Group") and Appellee Freeman Rauch, LLC. On March 29, 2019, Appellant and Access Group filed a Stipulation of Dismissal of Appeal stating that they had resolved their underlying disputes and memorialized their settlement in writing and that Appellant withdrew her appeal with prejudice. ECF No. 12. On May 7, 2019, Appellant filed a Motion to Strike Dismissal of Appeal asking the Court to reinstate her appeal because Appellee had breached the parties' settlement agreement. ECF No. 13. Access Group opposes such relief. ECF No. 14. No hearing is necessary to resolve

---

[1] The Notice of Appeal states that Appellant challenges a February 6, 2019 order. ECF No. 1. The docket attached to the Notice of Appeal indicates that the only event that occurred on February 6, 2019 was a hearing addressing thirteen different filings, including a Motion for Sanctions for Violation of the Automatic Stay and a Motion for Sanctions for Violation of the Discharge Injunction, both filed by Appellant. ECF No. 1-2 at 2–3. The only order attached to the Notice of Appeal is the Order Denying Motion for an Order of Contempt and Sanctions for Violation of the Automatic Stay. ECF No. 1-1.

1

Appellant's Motion. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Appellant's Motion to Strike Dismissal of Appeal is denied.

Federal Rule of Bankruptcy Procedure 8023 provides that "[t]he clerk of the district court or [Bankruptcy Appellate Panel] must dismiss an appeal if the parties file a signed dismissal agreement specifying how costs are to be paid and pay any fees that are due. An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the district court or [Bankruptcy Appellate Panel]." Once the parties file a notice of voluntary dismissal with prejudice, the appeal must be dismissed, and the district court cannot allow withdrawal of that dismissal. *See Tidwell v. JPMC Specialty Mortg. LLC*, 727 F. App'x 406, 407 (9th Cir. 2018) (affirming district court's denial of appellant's motion to withdraw notice of voluntary dismissal of bankruptcy appeal with prejudice because "upon filing of the notice of voluntary dismissal, the district court was required to dismiss the appeal"); *cf. Jones, Blechman, Woltz & Kelly, PC v. Babakaeva*, 375 F. App'x 349, 350 (4th Cir. 2010) (stating that the district court lacked jurisdiction to consider a motion to strike a Fed. R. Civ. P. 41(a)(1)(A) notice of voluntary dismissal because the notice of voluntary dismissal terminated the action as of the date the notice was filed, divested the court of jurisdiction, and made any subsequent district court order void); *Am. Soccer Co. v. Score First Enters.*, 187 F.3d 1108, 1109–12 (9th Cir. 1999) (concluding that a voluntary dismissal under Fed. R. Civ. P. 41(a)(1) takes effect without court order and cannot be vacated by the district court).

Here, the parties filed a Stipulation of Dismissal of Appeal signed by both Appellant and Access Group specifying how costs were to be paid and indicating that Appellant voluntarily dismissed her appeal with prejudice. The appeal therefore terminated, effective the date of the Stipulation, and the Court cannot reinstate that appeal. Moreover, the Stipulation contained no

conditions allowing Appellant to reinstate the appeal in the event of noncompliance with a settlement agreement, and, in fact, Appellant's withdrawal of her appeal "with prejudice" suggests that the only condition of dismissal was that the appeal not be reinstated. Appellant has provided no authority that suggests a court sitting in an appellate posture can reopen an appeal that has been dismissed with prejudice, and the Court is not aware of any such authority. Thus, Appellant's Motion to Strike Dismissal of Appeal is denied.[2]

For the reasons stated, it is ordered by the United States District Court for the District of Maryland that:

1. Appellant Rosemary McBride Hainey's Motion to Strike Dismissal of Appeal is **DENIED**; and

2. The Clerk **SHALL MAIL** a copy of this Memorandum Opinion and Order to Appellant.

Date: December 27, 2019

GEORGE J. HAZEL
United States District Judge

---

[2] The Court expresses no opinion as to whether Appellant and Access Group have an enforceable settlement agreement, and therefore this Memorandum Opinion and Order has no bearing on Appellant's ability to enforce any alleged settlement agreement.

3